## MITCHELL *v.* UNDERWOOD.

4-3752

Opinion delivered March 4, 1935.

*E. A. Williams,* for appellant.
*Opie Rogers,* for appellee.

JOHNSON, C. J. On December 30, 1924, C. E. Collier and wife executed and delivered a mortgage to E. E. Mitchell conveying in trust 280 acres of land situated in

Van Buren County, Arkansas, to secure an indebtedness of $500. Subsequently the mortgagors sold and conveyed 160 acres of this mortgaged tract of land to one P. L. Cotton who paid therefor the sum of $160. This sum of money was paid to the mortgagee, Mitchell, and in consideration thereof he executed to Cotton a release deed for the land purchased, but this release deed was never placed of record. Subsequent to this last-mentioned transaction, the mortgagor sold and conveyed the balance and residue of the mortgage lands to C. L. Jordan, who assumed and agreed to pay the balance of the mortgage debt to Mitchell. Jordan refused to pay, however, until foreclosure was effected by Mitchell, the mortgagee, and, looking to this end Mitchell instituted foreclosure proceedings. In this foreclosure suit Mitchell had condemned and ordered sold the whole 280-acre tract of land having innocently overlooked his release to Cotton of the 160-acre tract. In pursuance of the decretal order in the foreclosure sale, the commissioner offered for sale and sold on November 29, 1930, the whole 280-acre tract of land, and one J. D. Underwood became the purchaser thereof for a sum aggregating Mitchell's mortgage debt, interest and cost of the foreclosure proceedings. Underwood declined to surrender his purchase, and this resulted in exceptions to the report of sale filed by Mitchell, which upon hearing were denied by the chancellor, and the sale was in all things approved.

Subsequently to this transaction Cotton filed this suit in equity to quiet and confirm his title to the 160 acres purchased from Collier and Mitchell, and Underwood was made a party defendant thereto. The matter was submitted to the chancellor upon the pleadings and an agreed statement of facts, from which it was determined that Cotton's title to the 160-acre tract purchased from Collier and Mitchell should be quieted and confirmed, and that Mitchell should refund to Underwood the sum of $182.40 same being the proportionate part of his bid to which title to lands purchased had failed. From the decree thus entered Mitchell prosecutes this appeal. The decree is correct, and must be affirmed. For the decree recites:

"That it is agreed by and between the parties hereto by their attorneys of record that title in and to the following lands be quieted and confirmed and vested in P. L. Cotton, to-wit:

"The east half of the NW¼; and the west half of the NE¼ of section 11, township 10 north, range 17 west, Van Buren County, Arkansas, and that the commissioners deed executed by A. A. Cottrell, as commissioner in chancery be cancelled and set aside which deed was made by said commissioner to J. D. Underwood.

"That the defendant J. D. Underwood is entitled to recover from the defendant and cross-complainant, E. E. Mitchell, the sum of $182.40 and all cost of this action. It being found by the court that this amount was paid to E. E. Mitchell as purchase price of the lands herein involved and above described at the commissioner's sale, and that said E. E. Mitchell should repay same to J. D. Underwood."

The recital of fact just quoted from the decree shows that it was made and entered by agreement of the parties, and under such circumstances no appeal lies.

Moreover, the decree is correct when measured by the facts and circumstances heretofore recited. Mitchell instituted the foreclosure proceedings which resulted in the sale to Underwood. Underwood purchased 280 acres at the invitation of Mitchell, the mortgagee. When Underwood's title failed to 160 acres which had been previously sold by Mitchell to a third party, the chancellor was eminently correct in requiring Mitchell to reimburse Underwood for the lands lost. It would certainly be inequitable and unjust to require Underwood to pay something which he did not get or to permit Mitchell to receive pay for lands which he did not own. Citation of authority is not necessary to support such fundamental rule of justice.

No error appearing, the decree is affirmed.